# CHARLESTON.

STATE *ex rel.* F. O. SINGLETON, *Relator,* v. COUNTY COURT OF
KANAWHA COUNTY *et als.*

Submitted September 30, 1919.    Decided October 7, 1919.

1. REWARDS—*Prosecuting Attorney May be Given Authority to Offer Reward Not Over Fixed Sum.*

   Pursuant to the authority conferred by section 21, ch. 32-A, Code 1916, upon the prosecuting attorney of a county, with the approval of one of the officers designated by the section, to offer rewards for the apprehension of persons charged with crime, and to expend money for the detection of crime, it is unnecessary for such approval to be given to each individual claim, but it may take the form of an authorization of a maximum sum for a stated period, beyond which the prosecuting attorney may not go, and subject to the limitation that all expenditures therefrom must be for services rendered in aid of the suppression of violations of that chapter.  (p. 694).

2. DISTRICT AND PROSECUTING ATTORNEY—*May Employ Assistance for Stated Periods or for Particular Service.*

   Pursuant to the authority so conferred, the prosecuting attorney, within his sound discretion, may employ for stated periods, or for a particular service.  (p. 695).

3. COUNTIES—*On Employment of Assistance Account Must Show Services Rendered and Names of Assistants.*

   When the employment is for a stated period or periods, an account for services rendered sufficiently complies with the provisions of section 1, ch. 14, Acts 1919, if it shows, in addition to the approval of the prosecuting attorney, the kind of service rendered, the dates within which the same was performed, and the name of the person performing the service.  (p. 695).

Mandamus by the State, on the relation of F. O. Singleton, against the County Court of Kanawha County and others.

*Writ awarded.*

*B. Kemp Littlepage,* for relator.
*Geo. W. McClintic,* for respondents.

LYNCH, JUDGE:

The preliminary writ awarded upon the petition of the relator commanded the county court of Kanawha County and the three commissioners constituting its membership either to

draw and deliver to him an order for the payment of $208 out of the funds of the county in the hands of the sheriff for administration, or appear at the time and place therein designated and show cause for the failure so to do. This amount relator claims is due for services rendered by him for and on behalf of the county of Kanawha, the benefit of which it has received and for which the county court should therefore pay.

The petition does not furnish an exact description of the account or the form in which it was presented for payment, but the answer of respondents does, and states the form thereof to be as follows:

County of Kanawha,
State of West Virginia.                    August 20, 1919.
        to
F. O. Singleton.

To services in the detection of Yost law violations in Kanawha County, from July 1, 1919, to August 20, 1919, inclusive.           $208.00
O. K. and approved. To be paid by Kanawha County, West Virginia, out of the county funds in the same manner as other county expenses, and paid pursuant to the approval thereof on August 18, 1919, of the governor of West Virginia for such expenditures under and by virtue of section 21 of chapter 32A, Code 1916.

Kemp Littlepage,
Prosecuting attorney.

The services for which the relator seeks compensation, as thus appears, were rendered by him in aid of an attempt to surpress violations of the prohibition laws of this state, sometimes spoken of as the Yost law. The petition charges and the answer admits that since 1913 county courts of this state have possessed, and the county court of Kanawha County has exercised, the authority to issue orders payable out of the funds of the county for services rendered under the provision of section 21 of that law, being section 21, ch. 32-A, Code 1916, when authorized and approved in the manner therein required. That section is as follows: ''The prosecuting attorney of any county, with the approval of the

governor, or of the court of the county vested with authority to try criminal offenses, or of the judge thereof in vacation, may, within his discretion, offer rewards for the apprehension of persons charged with crime, or may expend money for the detection of crime. Any money expended under this section shall, when approved by the prosecuting attorney, be paid out of the county funds in the same manner as other county expenses are paid.''.

The account, it will be observed, bears date August 20, 1919. On August 19th Hon. John J. Cornwell, Governor of West Virginia, at the request of Kemp Littlepage, prosecuting attorney of Kanawha County, approved in writing an application made under the authority granted by that section for permission to offer rewards for the apprehension of persons charged with crime, and to expend money for the detection of crime committed against the state's prohibition laws, and for these purposes authorized the expenditure of an amount not to exceed $3,000 during the fiscal year of 1919-20.

Respondents refused to allow the claim presented to them by the relator for payment as a proper charge against the funds of the county, and declined to draw an order in his favor thereon in satisfaction of the demand, and in their answer attempt to justify their action in that behalf upon several grounds, the first and perhaps the most vital of which is that the statute, as they understand and interpret it, requires separate action by some one of the persons named therein upon each application by the prosecuting attorney for permission to expend the public funds of a county for any of the purposes mentioned in section 21 as an essential prerequisite in the process of creating a liability against the county, and, as a necessary corollary to that proposition, that the authorization of an aggregate sum to be expended at the discretion of the prosecuting attorney finds no sanction in the provisions of that or any other statute upon the subject. In other words, they challenge his right to apply for, and of the persons whose approval is required to approve, an application for the expenditure of public moneys in bulk, or, as they say, ''in the form of a lump sum,'' subject to disbursement as he may elect within the terms of the statute.

Of course it confers no authority to appropriate or expend public funds for any purpose other than those specified in it, and these only upon compliance with its express provisions. In other words, the prosecuting attorney cannot offer a reward for the apprehension of criminals and cannot expend money for the detection of crime without the approval required by section 21 of the prohibition law. But the breadth and scope of the act does not, we think, warrant the restricted interpretation sought to be placed upon it by respondents. Obviously the intention was to confer authority to offer rewards for the apprehension of persons charged with offenses against that act, and to permit the expenditure of public funds of the county for the detection of those who violate its provisions. The discovery of the crime and the criminal was the chief inducement for the enactment. The provision for the approval required by the act evidently was intended to prevent abuse of the authority so conferred, and to safeguard such fund against the danger of misappropriation for purposes not within the express terms of the statute. But we are unable to discover an intention on the part of the Legislature to burden, circumscribe or restrict, as respondents would have us do, the mode or manner of obtaining access to funds to be devoted to the attainment of the object contemplated by the statute.

As already remarked, respondents do not question the right, but concede it to be their duty under the statute, to pay out of the funds of the county any money expended for the purposes mentioned therein, when such expenditure is properly authorized. Nor do they deny the allegations of the petition that the course pursued in incurring liability for the same or similar services has uniformly been the same since 1913 when the prohibition statute became effective. "The construction given to a statute by those charged with the duty of executing it ought not to be overruled without cogent reasons." *Daniel* v. *Simms*, 49 W. Va. 554. The procedure followed has been, first, to obtain from one of the officers designated in the section his approval of the proposed expenditure of funds for the purposes stated in the section, and second, the certificate of the prosecuting attorney as to the correctness of the

claim presented.  The rights and interests of the public are safeguarded in requiring the submission of the proposed expenditure, even though in the form of a lump sum, to one of the designated officers for his approval or rejection, and in further requiring a certificate of correctness by the prosecuting attorney as to each individual claim.  At the same time and within these limits it gives to the latter discretionary power to use and expend the fund so authorized as occasion may require, unhampered by unnecessary detail, but subject, of course to the requirement that all expenditures from the fund must be for the suppression of violations of chapter 32-A Code.  *State ex rel. Plant* v. *Board of Commissioners,* 80 W. Va. 506.  The enforcement of this last requirement rests chiefly with the prosecuting attorney, for it is he who is intrusted with the expenditure of the fund so authorized.  To be technically correct, the bill certified by him should show on its face that the services for which compensation is sought were rendered under the prohibition laws of the state.  The account presented in this case conforms to that requirement.

It is also the contention of respondents that section 21 does not authorize the prosecuting attorney to employ a person or persons at a fixed monthly salary for the purpose of aiding him in the enforcement of the provisions of that chapter. We can find no such limitation imposed by the express terms of the section, nor is it reasonably to be implied.  In conferring authority to "expend money for the detection of crime" the language used is comprehensive, and apparently leaves to the discretion of the prosecuting attorney, within the limitations above mentioned, the manner of the expenditure.  He may find it cheaper and more conducive to efficient service to employ by stated periods, and if so, the language of the section is sufficiently broad to permit an exercise of discretion in that regard.

The final argument in support of respondents' position is that the account filed in this proceeding, payment of which is sought, is not itemized as required by section 1, ch. 14, Acts 1919.  The material portion of that section is: "It shall be unlawful for any county court * * * to pay any claim for services rendered or materials furnished unless an itemized

account therefor is filed by the claimant, covering the claim. Said account should be itemized in detail, and shall show, among other things, the following: If the claim is for services, it shall show the kind of service and dates when same were performed, and the name of the person performing the service. * * *" The account filed here shows the kind of service rendered, to-wit, the detection of Yost law violations in Kanawha County, the dates within which it was performed, and the name of the person rendering it. Where the employment is for a stated period, or stated periods, as in this case, it is not necessary to show each particular item of service rendered during the period, for under such circumstances the service is continuous, occupying all the working time of the employed. Knowing the general kind of service rendered and the dates within which it was performed, the county court can readily calculate the relative value of each day's service and the price paid therefor. It is only when the employment is for a particular piece of work instead of for a definite term, and where the employed is paid for the particular work performed, and not for the right to direct his services for a stated period, that it becomes necessary for the information of the county court to itemize the elements of the work done. The account filed here sufficiently complies with the statute.

*Writ awarded.*